UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 3:22-cr-00010-GFVT-MAS |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KENDRICK C. BROWN, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on an objection to a Report and Recommendation prepared by United States Magistrate Judge Matthew Stinnett. [R. 22.] Judge Stinnett recommends that the Court adjudge Defendant Kendrick C. Brown of three violations of the conditions of his supervised release and sentence him to eight months' incarceration. [R. 20 at 12.] Mr. Brown asks the Court to permit him to serve four months of his sentence in a carceral facility and four months at home. [R. 22.] Because of the danger inherent in his underlying offense and the continuing risk to the community, home detention is inappropriate in this case. Accordingly, Mr. Brown's Objection **[R. 22]** is **OVERRULED** and Judge Stinnett's Recommendation **[R. 20]** is **ADOPTED** as and for the opinion of the Court.

**I**

In 2019, the Louisville Metropolitan Police Department responded to a shooting in a restaurant parking lot. [R. 20 at 9.] There, they found security footage of Mr. Brown approaching a vehicle, receiving gunfire from the driver, and returning fire at the car. *Id.* Mr. Brown fled the scene, and authorities found him at a local hospital in possession of a pistol covered in blood. *Id.*

Based on these events, Mr. Brown pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). *Id.* at 1. Judge Greg Stivers of the Western District of Kentucky sentenced Mr. Brown to 40-months' incarceration followed by three-years' supervised release. *Id.* Mr. Brown began serving his term of supervision on June 17, 2022. *Id.* Among other requirements, the terms of Mr. Brown's release obligate him to obtain permission before leaving his district of supervision (currently the Eastern District of Kentucky), to report instances where he is questioned by police, to attend substance abuse and cognitive behavioral counseling, to not commit a state or federal crime, and to not possess a firearm. *Id.*

Mr. Brown began to run afoul of these requirements in March of 2023 when he notified his assigned substance abuse counselor that he felt he no longer needed to show up for therapy. *Id.* at 3. Mr. Brown attended some of his early sessions but began to lapse. *Id.* Although Probation encouraged him to resume counseling, Mr. Brown continued to skip therapy. *Id.*

On April 12, Mr. Brown was the victim of another shooting in Louisville. *Id.* at 3. Authorities located Mr. Brown in the bottom of a stairwell and recovered his Range Rover, which had multiple bullet holes. *Id.* While in the hospital, Mr. Brown spoke with an LMPD officer but did not report the experience to Probation. *Id.* Mr. Brown did not cooperate with LMPD's investigation into the shooting. *Id.*

On June 27, the Franklin County Sheriff's Office executed a search warrant at Mr. Brown's residence. *Id.* at 4. The Sheriff found a loaded firearm and over fifty rounds of ammunition. *Id.* Additionally, he recovered a small bag of marijuana. *Id.*

2

Probation ultimately charged Mr. Brown with five violations of the terms of his release, stemming from his departure from the district without permission, his unreported conversation with LMPD, his failure to attend counseling, his possession of a firearm, and the violations of law associated with the gun and marijuana. *Id.* at 3–4.  Judge Stinnett granted a motion by the United States to dismiss the firearm and marijuana violations, leaving Mr. Brown accused of three Grade C violations of the terms of his release. *Id.* at 5.  Mr. Brown stipulated to these violations. *Id.*

Based on Mr. Brown's criminal history category of VI and the Grade C violations, Judge Stinnett determined that Mr. Brown's applicable Guideline imprisonment range is eight to fourteen months. *Id.* at 6.  At the final hearing on the allegations, Mr. Brown's counsel advocated for a bottom of the Guidelines sentence. *Id.*  He emphasized that Mr. Brown is in a positive, long-term relationship with the mother of his three children, that he supports his family, and that he owns multiple businesses. *Id.*  Mr. Brown has not failed any drug screenings and resumed attending therapy after he was shot. *Id.*  Moreover, Mr. Brown received permission to travel to Louisville to manage his rental properties on prior occasions. *Id.*

The United States countered that April 12 was not the only occasion that Mr. Brown went to Louisville without permission, offering evidence of a deed that Mr. Brown recorded at the local County Clerk on another occasion. *Id.* at 7.  Mr. Brown's Range Rover is also not the only vehicle damaged by gun violence during his release.  In September 2022, authorities recovered a Chevy Silverado registered to Mr. Brown and his partner that was discovered abandoned and

similarly riddled with bullet holes. *Id.* at 8. The United States advocated for a middle to upper-level sentence. *Id.*

Judge Stinnett considered the Section 3553 factors imported into the Section 3583(e) analysis for revocation sentences and recommends a bottom of the Guidelines sentence of eight-months' incarceration. *Id.* at 12. Mr. Brown objected to Judge Stinnett's recommendation and invoked his right to an allocution before a United States District Judge. [R. 22.] On August 15, Mr. Brown appeared before Judge Gregory Van Tatenhove and advocated for a split sentence of incarceration and home detention. [R. 24.] The Court took the matter under advisement and remanded Mr. Brown to custody. *Id.*

## II

To receive review of a magistrate judge's decision, a party must submit particularized objections to a report and recommendation within fourteen days of the date of service thereof. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve issues. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objecting party must provide sufficient specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380.

Mr. Brown does not object to Judge Stinnett's recommendation regarding the length of his revocation sentence or his subsequent term of supervised release. [R. 22.] Instead, he

believes the policy language set forth in U.S.S.G. § 7B1.3(c)(2) supports substituting home confinement in place of incarceration for the final four months of his sentence. *Id.*

For a Grade C violation, the relevant portion of the Guidelines Manual allows:

> "[w]here the minimum term of imprisonment . . . is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention . . . provided that at least one-half of the minimum term is satisfied by imprisonment."

U.S. Sent'g Guidelines Manual § 7B1.3(c)(2) (U.S. Sent'g Comm'n 2021). The choice between home detention and incarceration is within the discretion of the district court. *See United States v. Lewis*, 498 F.3d 393, 398 (6th Cir. 2007) (considering a similar choice under U.S.S.G. § 7B1.3(c)(1)). As with any decision on a revocation sentence, courts are guided by the Section 3553 factors imported into the Section 3583(e) analysis. *See United States v. King*, No. 6:09-cr-00021-GFVT-1, 2012 U.S. Dist. LEXIS 203493, at *4 (E.D. Ky. Feb. 2, 2012) (Ingram, J.) (declining to recommend a split sentence involving home detention based on the breach of the court's trust and the danger to the community).

To fashion an appropriate sentence for violations of the terms of supervised release, district courts may consider (1) the nature and circumstances of the original offense and the history and characteristics of the defendant, (2) the need to deter criminal conduct, (3) the need to protect the public, (4) the need to provide the defendant with correctional education or treatment, (5) the available sentencing options, (6) any pertinent policy statements, and (7) the need to avoid unwarranted sentence disparities among similarly situated defendants. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), 3583(e); *United States v.*

*Johnson*, 640 F.3d 195, 203 (6th Cir. 2001).  District courts can also consider factors not

explicitly referenced by Section 3583(e), such as the seriousness of the offense.  *Lewis*, 498 F.3d

at 399–400.  The district court must contemplate all the applicable factors but does not have to

explicitly reference them in arriving at a sentence.  *Johnson*, 640 F.3d at 203.

Judge Stinnett based Mr. Brown's eight-month sentence primarily on "the circumstances

surrounding the instant violations and Brown's original offense, [the need] to adequately deter

Brown from future criminality, and [the need] to protect the public from any such future crimes."

[R. 20 at 9.]  Upon review, these factors do not make Mr. Brown a good candidate for home

detention.

First, the circumstances surrounding Mr. Brown's underlying offense reflect a serious

breach of the peace and disregard for consequences.  Mr. Brown accosted a vehicle with a loaded

firearm at a restaurant.  *Id.*  That decision resulted in a shootout that wounded Mr. Brown.  *Id.*

The danger to the public inherent in felons wielding guns is one of the primary reasons that

Congress sought to disarm them by enacting Section 922(g)(1).  *See Kanter v. Barr*, 919 F.3d

437, 464–66 (7th Cir. 2019) (Barrett, J., dissenting).  That justification was on full display, here.

Mr. Brown's decision making with guns can and has led to people getting hurt.

Second, Mr. Brown's punishment for his original offense seems to have failed to deter

him from putting himself in situations that might lead to gun violence.  As Judge Stinnett noted,

the Louisville area is deeply connected to Mr. Brown's criminal history.  [R. 20 at 10.]  Yet he

continues to return there, without permission from probation, and two of his vehicles have been

recovered riddled with bullet holes.  Given Mr. Brown's continuing choices to violate the Court's trust, further deterrence is needed.

Perhaps most importantly, incarceration is needed to protect to the public from this behavior continuing.  Shootings continue to pop up in Mr. Brown's orbit.  As Mr. Brown's relatives have made plain to the Court, gun violence has wrought unspeakable tragedy on their family.  Mr. Brown's brother, Malcolm, relates that two of his brothers died from bullet wounds. [R. 21-1 at 2–4.]  After his father also passed, Mr. Brown is now the only remaining father figure in Malcolm's life.  *Id.* at 4–5.  Mr. Brown's cousin Lashea, his friend Nicole, and his mother Tonya tell similar stories about the central role in their family that Mr. Brown has assumed in the wake of so much sorrow.  [R. 14; R. 19; R. 19-1.]

Clearly, Mr. Brown has much to offer his community and loved ones.  That promise led Judge Stinnett to recommend the lowest Guideline sentence.  But gun violence continues to follow Mr. Brown.  His repeated decisions to put himself in situations where bullets may fly endanger himself and those around him.  Therefore, the nature of his underlying offense, the need to deter Mr. Brown's behavior, and the need to protect the public are incompatible with a sentence split between incarceration and home detention.  *C.f.*, *King*, 2012 U.S. Dist. LEXIS 203493, at *5 (danger to defendant's family inherent in defendant's use of controlled substances rendered home detention inappropriate).

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Brown's Objection **[R. 22]** is **OVERRULED**;

2. Judge Stinnett's Report and Recommendation **[R. 20]** is **ADOPTED** as and for the opinion of the Court;

3. Mr. Brown is **ADJUDGED** guilty of Violations # 1–3;

4. Mr. Brown's current term of supervised release is **REVOKED**;

5. Mr. Brown is **SENTENCED** to a term of incarceration of eight (8) months; and

6. Following his release, a 24-month term of further supervised release is **IMPOSED**.

This the 23rd day of August 2023.

Gregory F. Van Tatenhove
United States District Judge